**WO**                                                                                    SC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Scott Bronson Bingham, | No. CV 07-8084-PCT-MHM (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Tom Sheahan, et al., | |
| Defendants. | |

Plaintiff Scott Bronson Bingham, who is confined in the Arizona State Prison Complex, Safford/Fort Grant Unit, in Safford, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 3.)[1]  The Court will dismiss the Complaint with leave to amend.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  (Doc.# 3.)  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

/      /      /

---

[1]  "Doc.#" refers to the docket number of filings in this action.

JDDL-K

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim with leave to amend because the Complaint may possibly be saved by amendment.

**III.    Complaint**

Plaintiff alleges three counts in his Complaint for denial of access to the courts and to a grievance process, failure to comply with state court transport orders, and unconstitutional conditions of confinement at the Mohave County Jail.  Plaintiff sues Mohave County Sheriff Tom Sheahan, Mohave County Sheriff's Office (MCSO) Captain Bruce H. Brown, and unnamed officers of MCSO and the Arizona Department of Corrections (ADC). Plaintiff seeks compensatory and punitive damages.

In Count I, Plaintiff alleges the following: On July 2, 2006, the Mohave County Superior Court ordered that Plaintiff be transported to Kingman for an evidentiary hearing in connection with his state post-conviction petition, which was then-scheduled to be held on July 27, 2006.  (Doc.# 1 at 3, 4.)  On August 1, 2006, ADC officials refused to allow Plaintiff to bring documentary evidence required for the evidentiary hearing, which apparently had been continued from July 27.  (Id. at 3.)  Instead, ADC officials seized

1    Plaintiff's legal papers and refused to return them for several months.  (Id.)  After filing an

2    informal grievance, Plaintiff received most, but not all, of his legal documents.  (Id.)  Two

3    important files were not returned–one containing copies of letters from Plaintiff's attorneys

4    that would have established that they rendered ineffective assistance and another containing

5    affidavits from "material witnesses" Donell Jordon, Jenifer Smith, Aaron Smith, and Terry

6    Bingham.  (Id.)  According to Plaintiff, Fort Grant grievance co-ordinators prevented him

7    from filing a formal grievance regarding the loss of his legal documents.  (Id.)  He contends

8    that the seizure and loss of his legal documents prevented him from providing information

9    to his investigator with which to contact "important witnesses before evidentiary hearings."[2]

10   He also alleges that he was denied access to a prison grievance process.    (Id.)

11        In Count II, Plaintiff alleges a Fourth Amendment violation based on the following

12   facts:  On September 5, 2006, the Mohave County Superior Court ordered "Defendants" to

13   return Plaintiff to ADC and to bring him back to Kingman again for a hearing on October 23,

14   2006.  (Id. at 4.)  Plaintiff asserts that "Defendants refused again to comply with the courts

15   ruling" by holding him unlawfully in the MCSO jail for three months.[3]  (Id.)  He contends

16   that under ADC rules and policy, he qualified for minimum security custody but

17   "Defendants" denied him the privileges he had earned for good behavior at ADC by failing

18   to return him to ADC custody and then return him to Kingman as ordered by the Superior

19   Court.  (Id.)  He contends that he also lost the opportunity to earn income at his prison job

20   while he was held at the MCSO jail.  (Id.)  Further, he alleges that his state post-conviction

21   petition was denied because he was not "allowed to present witnesses and documentary

22   evidence."  (Id.)

23

24

25    _____

26        [2]  In Count II, Plaintiff alleges that he failed to prevail in his state post-conviction
     proceedings due to the seizure and loss of his legal documents.  (Id. at 4.)

27

28        [3]  In Count III, Plaintiff indicates that he remained at the MCSO jail until December,
     2006.  (Id. at 5.)

1   In Count III, Plaintiff alleges that his conditions of confinement at the MCSO jail were
2   unconstitutional due to overcrowding, inadequate ventilation, lack of adequate heating, and
3   unsanitary conditions.

4   **IV.    Failure to State a Claim**

5   To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
6   conduct about which he complains was committed by a person acting under the color of state
7   law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.
8   Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he
9   suffered a specific injury as a result of the conduct of a particular defendant and he must
10  allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.
11  Goode, 423 U.S. 362, 371-72, 377 (1976).

12  **A.    Unnamed Defendants**

13  Plaintiff sues unnamed officers of MCSO and ADC stating that he will amend his
14  Complaint after he learns their names.  Rule 10(a) of the Federal Rules of Civil Procedure
15  requires a plaintiff to include the names of the parties in an action.  As a practical matter, it
16  is impossible in most instances for the United States Marshal or his designee to serve a
17  summons and complaint or amended complaint upon an anonymous defendant.

18  The Ninth Circuit has held that where identity is unknown prior to the filing of a
19  complaint, the plaintiff should be given an opportunity through discovery to identify the
20  unknown defendants, unless it is clear that discovery would not uncover the identities, or that
21  the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d
22  1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).
23  Plaintiff may use the discovery processes to obtain the names of the persons he believes
24  violated his constitutional rights.  If he discovers their identities through the discovery
25  process, or otherwise, he may seek leave of Court to amend to name these individuals.

26  **B.    Failure to Connect Named Defendants to Any Constitutional Violation**

27  Plaintiff fails to set forth facts to support the personal involvement of either named
28  Defendant in the alleged violations.  To state a § 1983 claim, a plaintiff must allege that he

1  suffered specific injury as a result of the specific conduct of the defendant and he must allege

2  an affirmative link between the injury and the defendant's conduct. Rizzo, 423 U.S. at 371-

3  72, 377. Further, "[a] plaintiff must allege facts, not simply conclusions, that show that an

4  individual was personally involved in the deprivation of his civil rights." Barren v.

5  Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official

6  capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or

7  custom. See Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004) (quoting Monell v. Dep't of

8  Soc. Servs., 436 U.S. 658, 694 (1978)); Cortez v. County of Los Angeles, 294 F.3d 1186,

9  1188 (9th Cir. 2001). Because there is no *respondeat superior* liability under § 1983, a

10  defendant's position as the supervisor of a person who allegedly violated a plaintiff's

11  constitutional rights does not impose liability on the supervisor. See Monell, 436 U.S. at

12  694; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual

13  capacity, "is only liable for constitutional violations of his subordinates if the supervisor

14  participated in or directed the violations, or knew of the violations and failed to act to prevent

15  them." Taylor, 880 F.2d at 1045.

16       Plaintiff has not alleged facts to support that either of the named Defendants enacted

17  or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's civil rights.

18  Further, Plaintiff has not alleged facts to support how either named Defendant directly

19  violated his constitutional rights or that either were aware that Plaintiff's rights were being

20  violated but failed to act. For these reasons, Plaintiff fails to state a claim against either

21  named Defendant in his Complaint. In an amended complaint, Plaintiff must set forth facts

22  in each count identifying: (1) the constitutional right Plaintiff believes was violated; (2) the

23  Defendant(s) who violated the right and specifically how each Defendant did so; (3) how a

24  Defendant's acts or omissions are connected to the alleged constitutional violation; and

25  (5) the specific injury Plaintiff suffered because of a Defendant's conduct. Rizzo, 423 U.S.

26  at 371-72, 377. Plaintiff must repeat this process for each Defendant.

27  /   /   /

28  /   /   /

**C.     Count I**

In Count I, Plaintiff alleges in part that he was denied access to a prison grievance process. There is no free-standing constitutional right to a grievance process because inmates do not have a protected liberty interest in prison grievance procedures. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). The alleged denial of access to a prison grievance procedure therefore fails to state a claim and this portion of Count I will be dismissed.

Plaintiff also alleges in part that the confiscation by ADC of his legal documents and his  lack of access to them at an evidentiary hearing in state court violated his right of access to the courts and prevented him from presenting evidence that would have established that he was entitled to state post-conviction relief.[4] The right of meaningful access to the courts prohibits state officials from actively interfering with an inmate's attempt to prepare or file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). To state a claim for denial of access to the courts, a  plaintiff must allege facts to support that he suffered an actual injury. See n.2, supra. The deprivation of an inmate's legal materials by prison authorities resulting in prejudice to the inmate in proceeding with a legal claim can state a claim under § 1983. See Williams v. ICC Comm., 812 F.Supp. 1029, 1032 (N.D.Cal.1992) (deprivation of legal papers leaving inmate unable to amend complaint actionable under § 1983 ); see also Morello v. James, 810 F.2d 344, 346-47 (2d Cir.1987) (alleged confiscation of pro se legal materials by prison authorities was cognizable claim under § 1983); accord Franco v. Kelly, 854 F.2d 584, 589-90 (2d Cir. 1988).

---

[4] Plaintiff does not allege a Fourteenth Amendment violation based on the deprivation of property without due process, nor may he do so. Where the state makes a meaningful post-deprivation remedy available, neither a negligent, nor an intentional, deprivation of an inmate's property by a state employee violates the inmate's Fourteenth Amendment right to due process. Parratt v. Taylor, 451 U.S. 527, 541 (1981) (negligent); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional). The availability of a common-law tort suit against a state employee constitutes an adequate post-deprivation remedy. Hudson, 468 U.S. at 534-35. Arizona provides such an adequate post-deprivation remedy.

Although Plaintiff alleges that he was actually injured by the confiscation of his legal documents, i.e., the inability to present evidence resulting in the denial of post-conviction relief, he makes only conclusory allegations concerning how and which named Defendant(s) were involved in the confiscation and failure to return those documents. For that reason, Plaintiff fails to sufficiently allege facts to state a claim for denial of access to the courts based on the confiscation of his legal documents against a named Defendant.

Finally, Plaintiff alleges that he was denied access to the courts based on "Defendants'" failure to comply with transport orders of the Superior Court. "Defendants'" alleged failure to comply with Superior Court transport orders does not rise to the level of a constitutional violation. Inmates do not have a *constitutional* right to be transported in accordance with state court orders and Plaintiff fails to allege facts to support that any alleged failure to comply with state court transport orders somehow impaired his access to the courts and thereby actually injured him.

### D.    Count II

In Count II, Plaintiff alleges that the failure to return him to ADC custody pursuant to transport orders violated ADC rules and policy and denied him privileges he had earned for good behavior in prison, including a minimum custody level and the opportunity to work at a prison job. Inmates have no liberty interest in remaining in a particular institution. They may be transferred for any constitutionally permissible reason or for no reason at all. Meachum v. Fano, 427 U.S. 215, 225 (1976); Ward v. Dyke, 58 F.3d 271, 274 (6th Cir. 1995); Shango v. Jurich, 681 F.2d 1091, 1100 (7th Cir.1982); Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985); see also Montanye v. Haymes, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities [including prison transfers] to judicial oversight."). Further, there is no constitutional right to prison employment or to a particular classification. Vignolo v. Miller, 120 F.3d 1075 (9th Cir. 1997); Baumann v. Arizona Dep't. of Corr., 754 F.2d 841,846 (9th Cir. 1985). Because

1   Plaintiff fails to allege the violation of a constitutional right in connection with the alleged

2   failure to comply with state court transport orders, Count II fails to state a claim.

3        **E.**   **Count III**

4        In Count III, Plaintiff alleges that he was subjected to unconstitutional conditions of

5   confinement while he was held in the MCSO jail.   A convicted inmate's claims for

6   unconstitutional conditions arises from the Eighth Amendment prohibition against cruel and

7   unusual punishment.   <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979).   To state a claim for

8   unconstitutional conditions, a plaintiff must allege an objectively "sufficiently serious"

9   deprivation that results in the denial of "the minimal civilized measure of life's necessities."

10   <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Allen v. Sakai</u>, 48 F.3d 1082, 1087 (9th Cir.

11   1994); <u>see</u> <u>Estate of Ford v. Ramirez-Palmer</u>, 301 F.3d 1043, 1049-50 (9th Cir. 2002).   That

12   is, a plaintiff must allege facts supporting that he is incarcerated under conditions posing a

13   substantial risk of harm.   <u>Farmer</u>, 511 U.S. at 834.   A plaintiff must also allege facts

14   supporting that a defendant had a "sufficiently culpable state of mind," i.e., that the official

15   acted with deliberate indifference to inmate health or safety.   <u>Id.</u>   Allegations of

16   overcrowding, alone, are insufficient to state a claim.   <u>See</u> <u>Rhodes v. Chapman</u>, 452 U.S.

17   337, 348 (1981).   A plaintiff must allege facts to support that overcrowding reduced the

18   provision of other constitutionally required services, caused an increase in violence, or

19   reached a level where the institution was no longer fit for human habitation.   <u>See</u> <u>Balla v.</u>

20   <u>Idaho State Bd. of Corr.</u>, 869 F.2d 461, 471 (9th Cir. 1989); <u>Toussaint v. Yockey</u>, 722 F.2d

21   1490, 1492 (9th Cir. 1984).

22        Plaintiff adequately alleges facts to support that conditions at the jail were

23   unconstitutional.   He fails, however, to set forth facts to connect any Defendant to those

24   conditions or to support that any Defendant acted with deliberate indifference to those

25   conditions.   For that reason, Plaintiff fails to adequately state a claim regarding his conditions

26   of confinement at MCSO.

27   /   /   /

28   /   /   /

## V.     Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

## VI.    Warnings

### A.     Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.     Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

1

**C.      Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>
LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice
to Plaintiff.

**D.      Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails
to file an amended complaint correcting the deficiencies identified in this Order, the
dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).
Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil
judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior
occasions, while incarcerated or detained in any facility, brought an action or appeal in a
court of the United States that was dismissed on the grounds that it is frivolous, malicious,
or fails to state a claim upon which relief may be granted, unless the prisoner is under
imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these
warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at
1260-61 (a district court may dismiss an action for failure to comply with any order of the
Court).

**IT IS ORDERED:**

(1)      Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc.# 3.)

(2)      As required by the accompanying Order to the appropriate government agency,
Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)      The Complaint (doc.# 1) is **dismissed** for failure to state a claim.  Plaintiff has
**30 days** from the date this Order is filed to file a first amended complaint in compliance with
this Order.

1         (4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

2   Court must, without further notice, enter a judgment of dismissal of this action with prejudice

3   that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

4         (5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

5   rights complaint by a prisoner.

6         DATED this 30th day of October, 2007.

7

8

9   _____

10                   Mary H. Murguia
                    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  Who May Use This Form.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  The Form.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  Your Signature.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  The Filing Fee.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  Original and Judge's Copy.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  Where to File.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  See LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| | | |
|---|---|---|
| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>      Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,      )
(Full Name of Plaintiff)      )
           Plaintiff,      )
                )
           vs.      )      **CASE NO.** _____
                )           (To be supplied by the Clerk)
(1) _____ ,      )
(Full Name of Defendant)      )
(2) _____ ,      )
                )      **CIVIL RIGHTS COMPLAINT**
(3) _____ ,      )      **BY A PRISONER**
                )
(4) _____ ,      )      ☐ Original Complaint
           Defendant(s).      )      ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.      )      ☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:

        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

        ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

        ☐ Other: _____ .

2.    Institution/city where violation occurred: _____ .

Revised 3/9/07                              1                    **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
(Position and Title)                                                                    (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
(Position and Title)                                                                    (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
(Position and Title)                                                                    (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

   b.  Second prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

   c.  Third prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities        ☐ Mail           ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings  ☐ Property       ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                    ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count I?           ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?  ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

3

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail          ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                            ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?        ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?   ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
　　☐ Basic necessities　　　☐ Mail　　　☐ Access to the court　　☐ Medical care
　　☐ Disciplinary proceedings　☐ Property　☐ Exercise of religion　☐ Retaliation
　　☐ Excessive force by an officer　☐ Threat to safety　☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
　　a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
　　　　at your institution?　　　　　　　　　　　　　　　　　　　　☐ Yes　　☐ No
　　b.   Did you submit a request for administrative relief on Count III?　　☐ Yes　　☐ No
　　c.   Did you appeal your request for relief on Count III to the highest level?　☐ Yes　　☐ No
　　d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
　　　　you did not. _____
　　　　_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                         SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.